ANGEVINE, (TYLER v.)

[See Tyler v. Angevine, Case No. 14,306.]

---

## Case No. 388.

### In re ANGIER.

[10 Amer. Law Reg. (N. S.) 190; 4 Amer. Law T. 62; 4 N. B. R. 619. (Quarto, 199;) 1 Amer. Law T. Rep. Bankr. 248.]

District Court, E. D. Pennsylvania. March, 1871.

IN BANKRUPTCY—SALE BY ASSIGNEE OF REAL ESTATE—RIGHT OF DOWER.

[Where a wife's right of dower is established by the decisions of the court against the assignee in insolvency, an exception to the confirmation of the sale of certain real estate, by

the purchaser, on the ground that such sale was subject to the dower right. when it was stated at the sale that the property would be conveyed free from all incumbrances, will be sustained.]

[Cited in Porter v. Lazear, 3 Sup. Ct. 61, 109 U. S. 90.]

[In bankruptcy. On motion to confirm the sale of an assignee of certain real estate of the bankrupt. Exception was made by the purchaser against the confirmation, on the ground that the sale did not discharge the dower right of the wife, as the terms of the sale provided. Exception sustained.]

A sale was made by an assignee in bankruptcy of real estate of the bankrupt. It was stated at the sale that the title should be clear of all charge and encumbrances.

On a motion to confirm the sale, an exception was filed by the purchaser, that the wife of the bankrupt if she survived him would be entitled to dower.

George L. Crawford, for the exception. —The case is ruled in principle by Eberle v. Fisher, 1 Harris, [13 Pa. St.] 526.

David W. Sellers, for the assignee.—Where the estate of the debtor is divested by operation of law dower is barred. The act of 1867 divests the estate as much as a sale for the payment of debts. The exceptions in section 14 do not save the rights of married women. The act of 1841 did; and hence the ruling in Worcester v. Clarke, 2 Grant, [Cas.] 84, does not apply.

CADWALADER, District Judge. The wife's right of dower having been established by the Pennsylvania decisions against the assignee in insolvency, there is no doubt that the purchaser's objection to the title is valid.